UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIONNA RANDLE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CATEPILLAR LOGISTICS INC., *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01382-KES-CDB<br><br>ORDER ON STIPULATION TO STAY ACTION PENDING MEDIATION<br><br>(Doc. 6)<br><br>**6-Month Deadline** |

On September 2, 2025, Plaintiff Kionna Randle ("Plaintiff") initiated this action with the filing of a complaint against Defendants Caterpillar Logistics Inc. and Caterpillar Inc. ("Defendants") in state court before Defendants removed the case to this Court on October 16, 2025. (Doc. 1).

**Stipulated Request to Stay**

Pending before the Court is the parties' joint stipulated request to stay this action pending the completion of mediation, filed on November 17, 2025. (Doc. 6). The parties represent that they have agreed to participate in a private mediation in an effort to resolve this matter on an informal basis and are in the process of selecting a mediator and scheduling the matter for mediation on an agreeable date. *Id.* at 2. The parties agree that this matter should be stayed pending the completion of mediation to promote efficient resolution of this matter and to preserve Court and party resources. *Id.* The parties agree that Plaintiff is not waiving her right to challenge the proprietary of removal through a motion to remand should mediation prove unsuccessful. *Id.* The parties agree to file a status report no later than two weeks following the completion of mediation

advising the Court the status of mediation. *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *United States v. Howen*, No. 1:21-cv-00106-DAD-SAB, 2022 WL 1004832, at *3 (E.D. Cal. Apr. 4, 2022) (quoting *Landis*, 299 U.S. at 254). "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.*

Here, for the reasons set forth in the parties' stipulation, the interests of judicial economy and efficiency are served by staying this case until the parties complete mediation. Proceeding with the litigation of this action risks wasting judicial resources, as the parties may settle their claims during the mediation.

The Court does not find that a short stay anticipated will cause any hardship. Although the parties did not provide an estimate of when mediation proceedings are likely to be completed, the parties stipulated to the request to stay and are in the process of selecting a mediator and scheduling the mediation on an agreeable date. (Doc. 6 at 2). The orderly course of justice weighs toward the

grant of the requested stay in order to avoid complicating of the issues and allowing the parties to direct their resources and attention to mediation. *See Haley v. MWI Veterinary Supply Co.*, No. 1:24-cv-00060-KES-HBK (Doc. 19), 2024 WL 3088707, at *1 (E.D. Cal. June 20, 2024). Therefore, because the *Landis* factors weigh toward granting of the stay, the Court finds that a stay of proceedings is appropriate in this case.

For good cause shown in the parties' stipulation, this action will be stayed pending the parties' completion of mediation <u>and in no event longer than six months following entry of this order</u>.

**Conclusion and Order**

Accordingly, in light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED:

1. This action is STAYED pending the parties' completion of mediation, to be accomplished no later than **May 18, 2026**;
2. The parties are DIRECTED to file a joint status report within seven (7) days of completion of mediation, and no later than **May 25, 2026**, informing the Court of the status of the mediation and setting forth their respective positions regarding further litigation of this action.
3. The parties are DIRECTED to file a 90-day status report addressing mediation efforts no later than **February 17, 2026**.
4. All pending court dates, including the scheduling conference set for January 27, 2026 (Doc. 3), are VACATED, to be reset as necessary following the filing of the joint status report.

IT IS SO ORDERED.

Dated:   **November 18, 2025**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE